IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEBORAH YUCUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-609-GPM |
| | ) |
| PEOPLES NATIONAL BANK, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Deborah Yucus brings this case alleging four Counts of employment discrimination against Defendant Peoples National Bank (Doc. 2). Plaintiff's claims against her former employer include: (1) a violation of the Age Discrimination in Employment Act (ADEA); (2) a violation under Title VII of the Civil Rights Act of 1964 for gender discrimination; (3) a violation of the Illinois Human Rights Act (IHRA) for age discrimination, and (4) a violation of the IHRA for gender discrimination (Doc. 2, p. 1-7). Defendant seeks to dismiss Counts III and IV due to a lack of subject matter jurisdiction (Doc. 11, p. 1). A hearing on Defendant's motion was held and, for the reasons outlined below, the motion is **DENIED**.

## I. FACTS

The facts relevant to this motion are not in dispute. Plaintiff was employed by Peoples National Bank from September 10, 2007, through her termination on January 17, 2008 (Doc. 2, p. 1). On August 3, 2009, the Equal Employment Opportunity Commission (EEOC) issued a Notice

of Right to Sue in connection with Plaintiff's federal law claims (Doc. 2, ¶¶ 15, 32). On June 11, 2009, the Illinois Department of Human Rights concluded that Plaintiff could commence a civil action pursuant to the IHRA (Doc. 2, ¶¶ 47, 62). Defendant now moves to dismiss Plaintiff's two state law claims brought under the IHRA (Counts III and IV) for lack of subject matter jurisdiction (Doc. 11, p. 1).

## II. ANALYSIS

This case presents an issue of first impression — namely, whether a federal court exercising original jurisdiction over federal claims may exercise its supplemental jurisdiction over state law claims brought under the Illinois Human Rights Act (IHRA), as amended on January 1, 2008. Defendant urges this Court to dismiss Counts III and IV of Plaintiff's Complaint because "the [IHRA] has created a special statutory scheme that does not allow for federal jurisdiction over IHRA claims" (Doc. 15, p. 3). In support of its argument, Defendant primarily points to two cases: *Talley v. Washington Inventory Service*, 37 F.3d 310 (7th Cir. 1994), and *Benning v. Northern Illinois University*, 928 F.2d 775 (7th Cir. 1991). Neither case, however, actually supports Defendant's contention that the IHRA does not allow for federal jurisdiction over IHRA claims.

In *Talley*, the plaintiff asserted a state law retaliatory discharge claim, alleging that the defendant fired her because she married a co-worker. The plaintiff's claim, therefore, rested on an alleged violation of the Illinois public policy favoring marriage. *Talley*, 37 F.3d at 310. The plaintiff, however, was "unable to point to any Illinois case holding that termination from employment based on marital status is actionable as a common law tort claim for retaliatory discharge." *Id.* at 312. As such, allowing the retaliatory discharge claim to proceed in a federal forum, would have required the Court "to expand Illinois law governing the tort of retaliatory

discharge"; something the Court was unwilling to do. *Id.* Further, the court found that the plaintiff did not seek the right to sue from the Illinois Human Rights Commission, and therefore she failed to exhaust her administrative remedies as required by law. *Id.* at 313.

In *Benning*, the plaintiff sued the Northern Illinois University Board of Regents for negligence, asserting the Board of Regents was liable for a botched chemistry experiment. *Benning*, 928 F.2d at 776. While the plaintiff's claim raised Eleventh Amendment sovereign immunity issues, the Seventh Circuit Court of Appeals decided the case on other grounds. *Id.* at 777. Specifically, the Court held that Benning's state law tort claims against the Board of Regents should be dismissed because of an Illinois statute "conferring exclusive jurisdiction upon the Illinois Court of Claims." *Id.* at 778. However, the Court did not address whether the statute was substantive or "a purely procedural limitation not binding in federal court." *Id.* at n.3.

Both *Talley* and *Benning* are inapposite. First, unlike the plaintiff in *Talley*, here Plaintiff has not brought a state law claim that requires an expansion of Illinois public policy. Rather, Plaintiff asserts state law claims that directly parallel her federal law claims. Nor has Plaintiff failed to exhaust her administrative remedies. Instead, she properly sought remedies provided by the Equal Employment Opportunity Commission and the Illinois Department for Human Rights, and both agencies granted her the right to sue. Finally, *Talley* was decided long before the January 1, 2008, amendment to the IHRA which created a limited exception to the Illinois Human Rights Commission's (the Commission's) exclusive jurisdiction over certain claims — the central issue in this case.

Furthermore, unlike the plaintiff in *Benning*, here Plaintiff is not bringing a state tort law claim against an entity that could invoke sovereign immunity. More importantly, unlike the statute

involved in *Benning*, the language of the IHRA — as amended in January 2008 — does not unequivocally confer *exclusive* jurisdiction upon Illinois State Courts. To the contrary, the language in the IHRA amendment at issue here is permissive.[1]

As such, this Court has power under 28 U.S.C. §1367 to assume supplemental jurisdiction of Yucus's state law claims. Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172 (1997), *quoting*, *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). A key inquiry in deciding whether to exercise supplemental jurisdiction is whether the state and federal claims "derive from a common nucleus of operative facts." *Int'l College of Surgeons*, 522 U.S. at 165 (quotation omitted). Also, "district courts should deal with cases involving [supplemental] claims in the manner that best serves the principles of economy, convenience, fairness, and comity." *Id.* at 172-73 (quotation omitted). The key rationale underpinning supplemental jurisdiction therefore is "economy in litigation." *Dargis v. Sheahan*, 526 F.3d 981, 991 (7th Cir. 2008).

District courts may decline to exercise supplemental jurisdiction over a claim if:

> (1) the claim raises novel or complex issues of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. §1367(c)(1-4). The plain language of this statute, therefore, makes it clear that the decision to decline to exercise supplemental jurisdiction is discretionary.

---

[1] *E.g.,* "*if* the complainant chooses to commence a civil action ..." 775 ILCS 5/7A-102(F)(2)(emphasis added).

Here, none of the statutory factors militate toward declining to exercise supplemental jurisdiction over Plaintiff's state law claims. First, Plaintiff's state law claims clearly arise out of exactly the same operative facts as her federal claims. Second, the questions of state law mirror the questions of federal law. Third, regardless of whether the state law claims are dismissed, Plaintiff's federal claims remain. Courts are eager to support economy in litigation. *See Dargis*, 526 F.3d at 991. Requiring Plaintiff to file a parallel action in state court would result in a waste of both parties' resources, as well as Illinois' strained state resources. Finally, unlike some of the out-of-Circuit cases cited by Defendant, the January 2008 amendment to the IHRA does not unequivocally mandate that Illinois State Courts have exclusive jurisdiction over claims under the act. *See, e.g., Gregory v. Shelby Cnty, Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000). As such, there is no exceptional circumstance for this court to decline to exercise supplemental jurisdiction.[2]

### III. CONCLUSION

In light of the foregoing, the Court finds that Counts III and IV of Plaintiff's Complaint (Doc. 2), brought pursuant to the IHRA, are properly before this Court. Accordingly, the Court **DENIES** Defendant's motion to dismiss.

**IT IS SO ORDERED**.

DATED: 04/01/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

[2] Indeed, Plaintiff correctly notes that at least two Circuit Courts of Appeals, in nearly identical contexts, routinely allow federal courts to hear state law discrimination claims (Doc. 13, p. 3, *citing, e.g., EEOC v. City of Independence, Mo.*, 471 F.3d 891, 892 (8th Cir. 2006); *Treglia v. Town of Manlius*, 313 F.3d 713, 722-23 (2d Cir. 2002).