IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEBORAH YUCUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 03:09-cv-609 GPM |
| | ) | |
| PEOPLES NATIONAL BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PROTECTIVE ORDER

Currently pending before the Court is a Motion for Entry of Agreed Protective Order (Doc. 22).  For the reasons set forth below, the motion is **GRANTED**.

### LEGAL STANDARDS

Rule 26 of the Federal Rules of Civil Procedure permits litigants to seek an order to protect relevant and discoverable material.  This Court, however, has a duty to ensure that all proposed protective orders strike a proper balance between the public's interest in accessing non-confidential information and the parties' interest in maintaining confidentiality with regard to materials unsuited for public disclosure. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). The proposed protective order defines confidential information as "any documents, testimony or other Material which constitutes confidential personnel information and records (including disciplinary and performance evaluation records) regarding persons who are not parties to this action, such as customers and potential customers of the Bank and the Bank (including financial and account information of customers), employees and former employees." The Court finds that good cause exists for issuance of an order permitting limited disclosure of such information, and that entry of the proposed protective order is appropriate pursuant to Federal Rules of Civil

Procedure 26(c).  The Court, being fully advised and having determined that good cause exists for entry of a protective order, **GRANTS** the motions.

### THEREFORE, IT IS HEREBY STIPULATED AND ORDERED:

In the course of discovery, Peoples National Bank, N.A. ("the Bank") and Plaintiff Deborah Yucus ("Yucus") will produce documents, data, discovery responses and other material that is confidential, proprietary, or is otherwise to be protected from public dissemination.  To ensure that such material is kept and remains confidential and is not to be used for any purpose other than discovery and trial preparation in this case, the parties having agreed as follows:

1.       This Order shall apply to and govern the handling of all documents/electronic documents, testimony and other information, including all copies, excerpts, and summaries thereof (hereinafter referred to as "Material") produced, given or filed during discovery and other proceedings in this action. This Order shall not apply at any trial of this matter. To the extent necessary, issues of confidentiality at trial will be addressed separately.

2.       In designating Material as "Confidential," a party to this action, and any non-party from whom discovery is sought in connection with this action, shall make such a designation only as to Material that the party or non-party in good faith believes constitutes confidential information, including, without limitation, any documents, testimony or other Material which constitutes confidential personnel information and records (including disciplinary and performance evaluation records) regarding persons who are not parties to this action, such as customers and potential customers of the Bank and Bank (including financial and account information of customers and potential customers), employees and former employees.  Personnel files and other documents received from plaintiff's former or current employers regarding plaintiff's employment shall be deemed "Confidential" upon production, whether the non-party producing said records designates them as "Confidential" or not.

3.     "Confidential" Material, as used in this Order, shall refer to any so designated document, testimony, or other Material and all copies thereof, and shall also refer to the information contained in such Material.  No designation shall be made unless the designating party or non-party believes in good faith that the designated Material is entitled to such protection. Any party or non-party may challenge the designation of particular documents as "Confidential" by applying to the Court for relief.

4.     Material designated "Confidential" shall be maintained in confidence by the party to whom such Material is produced and shall not be disclosed to any person except:

(a)     the Court and its officers;

(b)     the parties;

(c)     counsel, whether retained counsel or in-house counsel;

(d)     employees of counsel; and

(e)     third parties engaged by counsel or the parties to assist in this litigation, deponents, or hearing witnesses, provided that any such third party, deponent, or hearing witness has (I) read this order and (ii) first been requested to sign an undertaking in the form of Exhibit A attached hereto, which counsel will use all good faith efforts to obtain; such third parties do not include family members of the parties.  In the event that a third party witness refuses to sign such undertaking, the third party witness will not be allowed to take custody or maintain any such document or copy thereof, except for purposes of reviewing a deposition transcript prior to signature.

5.     Material produced without the designation of "Confidential" may be so designated subsequent to production when the producing party failed to make such designation at the time of production through inadvertence or error, provided correction occurs within twenty days of discovery of the inadvertence or error and the party making the correction notifies the recipient of said material by specifying, by document number, which documents are now deemed to be covered

by this Order.

6.     Nothing herein shall prohibit either party from seeking an Order that designated Material is not entitled to "Confidential" treatment or that otherwise affects the treatment of Material.

7.     Other than as provided in paragraph 5 above, no designation of "Confidential" shall be effective unless there is placed or affixed on such Material a "CONFIDENTIAL" marking. To the extent necessary, the parties may file redacted copies eliminating the confidential material with the Court.

8.     All Material designated as "Confidential" shall be used solely for the prosecution or defense of the claims in this action and shall not be used for any business, commercial, competitive, personal or other purpose, except in response to a court order, order of an administrative tribunal, subpoena, or search warrant.  The parties will notify each other of receipt of such orders, subpoenas, or warrants within two business day's receipt by counsel of same by forwarding a copy by electronic or facsimile means and by U.S. Mail to the counsel listed below.  With respect to any such order, subpoena or warrant, no party shall respond to such order, subpoena or warrant in a time frame that is earlier than the time frame for compliance set forth in the order, subpoena or warrant.

9.     At the final conclusion of this case (including exhaustion of appeals) all Material designated as "Confidential" produced pursuant to discovery, and all copies thereof, shall, upon request of the producing party and within 60 days of the conclusion of the case, including by settlement and after the time for all appeals has expired, be destroyed (by shredding or other similar means) and opposing counsel shall certify in writing that such Material has been destroyed.  After this destruction and certification, or the time period referred to in this period has expired, the notice obligations contain in paragraph 8 will expire.

10.    If counsel for a party desires to file in the public record in this action any "Confidential" Material, that counsel must, reasonably in advance of the date for filing, attempt to

4

confer with counsel for all other parties and, if unsuccessful in so conferring, certify that he or she made such attempt and the details of such attempt.  The purpose of such advance consultation is to permit any party to move to file such Material under seal; absent such a motion, this Order does not prohibit the filing of such Material with the Court.

11.    The restrictions set forth in any of the preceding paragraphs shall not apply to Material that:

(a)    was, is, or became public knowledge in a manner other than by violation of this Order;

(b)    is acquired by the non-designating party from a third party having the right to disclose such Material; or

(c)    was lawfully possessed by the non-designating party prior to the entry by the Court of this Order.

12.    This Order shall remain in full force and effect after the termination of this litigation, or until canceled or otherwise modified by order of the Court.


**DATED: April 30, 2010**

s/ *Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**

5